IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIBOR BELA KARSAI,

    Plaintiff,                      No. CIV S-04-0456 FCD KJM P

    vs.

PLACER COUNTY SHERIFF DEPARTMENT, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

/

        Plaintiff has been civilly committed to a state hospital and is proceeding pro se. He seeks relief under 42 U.S.C. § 1983 for an injury he received while he was awaiting his civil commitment trial. On August 10, 2004, the court dismissed the complaint but gave him leave to file an amended complaint. Plaintiff has complied with the order.

        Plaintiff alleges that while he was an inmate at Placer County jail, he notified some thirty five members of the jail staff that the ceiling outside his cell was sagging and leaking, but no action was taken to repair it. On March 26, 2003, while he stood outside his cell, a portion of the ceiling fell and struck him in the face, causing damage to his eyes. Am. Compl., Statement Of Claim, pp. I-V.

/////

1

1   To state a claim under the civil rights act, a plaintiff must allege that a
2   constitutional right was violated by a person acting under color of state law. <u>West v. Atkins</u>, 487
3   U.S. 42, 48 (1988).  Neither negligence nor gross negligence translates to a deprivation under the
4   due process clause, even if it causes injury.  <u>Daniels v. Williams</u>, 474 U.S. 327, 331 (1986) (no
5   violation of civil rights when prisoner injured himself by slipping on pillow left on the floor);
6   <u>Farmer v. Brennan</u>, 511 U.S. 825, 835-36 (1994); <u>see</u> <u>Jackson v. State of Arizona</u>, 885 F.2d 639,
7   641 (9th Cir. 1989) (claim of slippery floors does not state a cause of action under the civil rights
8   act).

> [T]he due process guarantee does not entail a body of constitutional law imposing liability whenever someone with state authority causes harm.

11  <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 848 (1998).
12          Even pretrial detainees must show deliberate indifference or reckless indifference:
13  that is, conduct so reckless and wanton as to be tantamount to a desire to inflict harm, which can
14  be seen as equivalent to a deliberate choice.  <u>Redman v. County of San Diego</u>, 942 F.2d 1435,
15  1443 (9th Cir. 1991) (en banc).
16          Plaintiff 's complaint does not meet this standard.  While the defendants' conduct
17  may have been negligence, as alleged it was not tantamount to a desire to inflict harm.
18  //////
19  /////
20  /////
21  //////
22  //////
23  //////
24  //////
25  //////
26  //////

1    IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed.

2    These findings and recommendations are submitted to the United States District
3 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
4 days after being served with these findings and recommendations, plaintiff may file written
5 objections with the court and serve a copy on all parties.  Such a document should be captioned
6 "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that
7 failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 DATED: May 12, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
kars0456.56